UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| KEVIN C. CRAMER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-0348-JMS-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Kevin C. Cramer for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. REF 13-03-0032. For the reasons explained in this Entry, Cramer's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On March 24, 2013, Warehouse Supervisor Kevin McWilliams wrote a Report of Conduct in Case REF 13-03-0032 charging Cramer with unauthorized possession of property. The Report of Conduct states:

> On March 20, 2013 @ approximately 1:00pm, I Kevin McWilliams Warehouse Supervisor, in conducting routine audits of commissary and cigarette receipts noticed discrepancies on Resident Kevin Cramer's (DOC# 102209) orders. The documents pertaining to Dec. 12, 2012 commissary scan belonging to Res. Cramer appeared to be altered, the product and pricing listed on his signed commissary receipts are not consistent with the information available on his OIS transaction history and do not accurately reflect what should have been received from commissary.

On March 26, 2013, Cramer was notified of the charge of unauthorized possession of property and was served with a copy of the conduct report and the Notice of Disciplinary Hearing (Screening Report). The screening report notified Cramer of his rights. He pled not guilty. He did not request the assistance of a lay advocate, any witnesses, or physical evidence.

On March 26, 2013, a hearing officer conducted a disciplinary hearing in REF 13-03-0032. The hearing officer found Cramer guilty of the charge of unauthorized possession of property. In making his decision, the hearing officer relied upon staff reports and supporting documents. The following sanctions were imposed: a written reprimand, an inter-facility transfer, restitution, a suspended 90-day deprivation of earned credit time, and the imposition of a previously suspended demotion from credit class I to credit class II. These sanctions were imposed because of the seriousness and frequency and nature of the offense, the offender's attitude and demeanor during the hearing, and the likelihood of the sanction having a corrective effect on the offender's future behavior.

Cramer appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

## C. Analysis

Cramer asserts the following claims: 1) there was no proof by a preponderance of the evidence to show that Cramer ever had possession of the property at issue; and 2) several Indiana Department of Correction ("IDOC") policies were violated in the disciplinary process.

Cramer's first claim challenges the sufficiency of the evidence. He argues that he had no access to a duplicating machine, there was no evidence of his signature at commissary with his thumb print, and there were no witnesses stating that he committed the offense. He also asserts that the finding of his guilt must be by a preponderance of the evidence.

Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (internal quotation omitted).

The conduct report, the supporting documents showing the "Pack Lists" from the warehouse, and Cramer's trust fund account statements constituted sufficient evidence to find Cramer guilty of the charge. Cramer signed for and accepted two commissary orders containing items he did not pay for or have authority to possess. As stated in the conduct report, commissary receipts did not match up with the amounts of money withdrawn from Cramer's trust account. There was no payment accounted for a $33.75 order and Cramer paid only $8.10 for an order totaling $74.46. The lenient standard of "some" evidence was satisfied in this case.

Cramer's second claim is based on alleged violations of provisions of the Adult Disciplinary Procedures or IDOC policy. He argues that several violations of such policies resulted in "procedural default." Examples of what he terms "procedural default" are that no copy of a notice of confiscation form was provided and there was no witness statement that he altered any price list. These circumstances do not result in procedural default. Rather, these allegations are another challenge to the sufficiency of the evidence, a claim already rejected above. In addition, Cramer's references to sim cards do not relate to this disciplinary case. The Court takes judicial notice of the fact that disciplinary case No. ISF 13-03-0364, in which he was charged with possession of an electronic device (2 sim cards), is the case at issue in *Cramer v. Knight,* 1:13-1778-SEB-TAB.

Cramer also contends that the conduct report was written more than 100 days after the incident occurred, in violation of IDOC policy. Relief is not available in this action for this type of claim because federal habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997)

(violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Cramer was given notice and had an opportunity to defend the charge. He made his statement denying his guilt. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. As noted above, there was sufficient evidence in the record to support the finding of guilt. There were no violations of Cramer's due process rights.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Cramer's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/10/2014

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kevin C. Cramer, No. 102209
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. 40
Greencastle, IN 46135-9275

Electronically registered counsel